Good morning, Your Honors. May it please the Court. Somehow that's not working now. Try again. Can you hear me now, Your Honor? Yes, perfectly. Good morning, Your Honors. My name is Charlie Henn. I'm here on behalf of adidas. This Court should vacate the judgment of the Court below and remand for a new trial for two separate reasons. The first relates to a jury instruction. This was a trademark infringement case where the core issue is likelihood of confusion, which this Court has repeatedly said must be evaluated based on the Polaroid factors and that those factors must be considered and applied based on the plaintiff's theory of confusion. Here we have a relatively unique situation. adidas expressly said it was not asserting confusion at the point of sale. Instead, adidas limited its theories of confusion to initial interest confusion and post-sale confusion. Notwithstanding that, the district judge instructed the jury on the proximity factor that the jury should determine whether the parties compete for the same consumers. So is your argument that because there was something that was not made part of your argument, that is, point of sale, that it was error and reversible error on the part for the Court to instruct as to that even if the Court in other parts of the instruction said we're looking at initial interest and post-sale, but that by saying that it focused the jury on something price, essentially, that was incorrect, and that that's enough for reversal? You are close to what our argument is. That's close, Your Honor. So the Court did tell the jury at the beginning of the instructions, and frankly, I had told them in closing and I had told them in opening, this is not a case about point of sale. This is a case about initial interest and post-sale confusion. However, the Court then went on and said, now, let me tell you how you determine post-sale and initial interest confusion. You need to look at the following factors. And then when the Court got to the proximity factor, instead of instructing the jury how they should consider the question of proximity in an initial interest or a post-sale case, instead the Court gave a simple one-sentence instruction that is appropriate exclusively to point-of-sale cases. In other words, are the consumers that these two parties are going after, the target consumer, is it the same? And you say that the instruction that you offered to the Court was technically correct, that there was no error on our cases in what you said the Court should have instructed. That's right. And the difference between the Court's instruction, the one-sentence, whether the parties compete for the same consumers, and Adidas' proposed instruction was that Adidas' proposed instruction focused the jury specifically on the elements of proximity that are pertinent in initial interest and post-sale cases. But the problem is you had no right to have that instruction put to the jury. It's not your charge. It's the Court's charge. And the Court, it seems to me, at more than one occasion made exactly the point that you're claiming had not been made. At one point he says, Adidas does not contend that the confusion occurs at the point of sale, but rather either pre-sale or post-sale. And at a later point the judge said, please remember that Adidas is only claiming confusion on the pre- and post-sale points, and that its survey is limited to post-sales. I think you may even have made that point a third time. So you are not entitled to have your charge done in hype verba. It's the judge's charge. And as I read the charge, the judge got to the jury the information you wanted to get to the jury? Of course, Your Honor. We're not entitled to whatever instruction we propose, and the Court is allowed to give whatever instructions it wishes. But that instruction needs to comport with this Court's law. It does. Respectfully, Your Honor, it doesn't. At the beginning of the instruction he says, yes, this is a post-sale initial interest case. But in the context of post-sale confusion and initial interest confusion, whether parties compete for the same consumers is not relevant. And the judge directed the jurors. But that's a question of how you weigh the Polaroid factors. The third factor has to do with the market proximity, and so that's going to slam towards consumers before and at the point of sale. And so although you tried to put in your gloss of focusing on some elements of it that might favor a post-sale theory, you got that instruction. There was no confusion about what the jury was supposed to do in the theory of your case. So what's the prejudice? I mean, it's just a weighing of the factors, and this one is one that really is focused on the sale and the pre-sale. Two things. One, the Court compounds the error by appropriately telling the jury that each factor must be considered. So the Court didn't say to them, you can just ignore proximity, ignore what I'm telling you in this place, even though it's legally wrong, and consider the other factors. So the Court has directed the jury, look at each factor, which is why that factor is important. Secondly, this Court in Nabisco has made clear that one factor can, in fact, be determinative of the likelihood of confusion analysis. If a judge had said, in order to determine proximity, look to price specifically, you would say that clearly would mislead the jury. And what you're asking us to do is to say that while the Court didn't say that, that was close enough to that that it would confuse. Is that what I'm- If the Court had directed them to price, it would have been even worse, but that doesn't remedy the erroneous instruction that was given. No, I'm just saying, you are saying this was close enough to something that we would all agree was error, so that we should call it error. But the question is, was it close enough? It is, because in a point-of-sale case, who the parties compete for, whose dollars they compete for, matter. But in a post-sale case, that doesn't matter. Look, you had an opportunity to argue your theory to the jury, and there was enough language in the judge – it seems to me in the judge's charge – so that if they bought your theory, you would have won. You had an eight-day trial, and one or two claims of error. And it was an eight-day trial by competent counsel, and you decided, as is your right to have the jury select this. So you want us to give you a new trial? Of course we do, Your Honor. The jury comes to the courtroom with no knowledge prior of what post-sale confusion or initial interest confusion is. But capable trial lawyers made their case before the jury, and you didn't get exactly the instruction that you wanted. But the point you wanted to ride on was made by the judge, and you had a closing argument in which you could hammer home the facts that you thought supported your case. The jury didn't buy it. Your Honor, if closing argument was the solution to all erroneous instructions, we would never have new trials awarded based on faulty instructions. Well, it depends how erroneous it is. If you're saying, again, had they mentioned price specifically, that might be different. But your point is that they were sufficiently close to something that was confusing. And so the question is, was that sufficiently close, the kind of thing that a good lawyer can counter? I don't know. You're telling us no. But that's the question, isn't it? That is the question, and the answer is that it is beyond price. It is focusing the jury on an irrelevant issue in one of the factors the court told them they needed to consider in resolving the core issue of likelihood of confusion. Thank you, counsel. Mr. Maldonado. May it please the court. As your honors have noted, this was a two-week jury trial, and it was submitted to the jury, which heard all of the evidence and disagreed with Adidas' assertions that there was confusion either at the pre-sale or the point of sale. It was not a close case. The jury deliberated for less than two hours in reaching its verdict, and now Adidas wants a new trial based on a single sentence in a five-page instruction just devoted to likelihood of confusion. And we believe that that is not warranted here. When you look at the instructions as a whole, as your honors have noted, the court made it clear that this was a pre-sale and post-sale confusion case. The instruction on competitive proximity is not an instruction that's limited to point of sale cases. Competitive is in the factor itself, competitive proximity. Competition is relevant even in post-sale cases. And if we look at the cases that discuss post-sale confusion, Lois, Diesel, Cody, in all of those cases, the court did consider competition between the parties when it was evaluating confusion. Notably, the plaintiff, Adidas, has not cited any cases where a court has overturned a jury's verdict on the finding of likelihood of confusion and substituted its own judgment. The jury heard the evidence, was properly instructed. Again, the Polaroid factors provide guidance to the jury in how to reach its ultimate decision as to whether or not these products are likely to be confused. There's no single factor that's determinative. They're not required to find, for example, in anyone's favor on the third factor to find confusion or no confusion. It's a weighing process that the jury has undertaken.  Adidas has not challenged the evidence supporting- Adidas has challenged the exclusion of the witness, D'Ariezzo, and the inclusion of the witness, Arbuckle. Correct. And on both, you know, the court has substantial discretion. Dauber always drives me crazy, but we give lots of room on that. And whether there was any real expert with respect to Arbuckle is, again, an interesting thing. I mean, one could look at this case, including his best instruction, as one in which the district court did nothing- maybe nothing wrong, but district courts can certainly push a case in one direction, and that this judge was doing it. And if so, should we look at the instruction as more erroneous? Well, we don't believe that the judge did push this case in a certain direction. The instructions that were given- again, there were seven Polaroid factors here in this case. Adidas is objective to only one. There are other factors that- the first two factors were strongly in the defendant's favor. It was a case where Adidas was asserting rights to a three-stripe mark, which the evidence showed that they had used the mark vertically, three vertical stripes on both sides of the clothing. Tom Brown, on the other hand, used four vertical bars horizontally on one side of his clothing. And what was critically important in this case, we think, was the fact that these parties had coexisted in the marketplace for ten years without any reports of confusion. And so these are overwhelming facts that supported the jury's finding that there was no likelihood of confusion in this case. Again, there was no- the instruction that was initially or finally adopted by the judge on the third factor was very similar, in fact, to the instruction that was proposed by Adidas. Adidas said that the jury should consider marketing and advertising channels, and these are factors that go to competition. And competition is relevant and has been relevant in all the cases that have discussed wholesale confusion and initial interest confusion, which Adidas does not discuss much in its briefing. But one of its theories was initial interest confusion. So a consumer who is seeing or familiar with the Adidas three stripes and sees them on- and then sees a Tom Brown product will become interested because of that initial viewing of the product. And that- those cases are always, almost always, cases that involve direct competition between parties when you're talking about initial interest confusion. And Adidas doesn't cite any cases where the court has held that competition is not relevant in a pre-sale context. With respect to the evidentiary objections, with respect to Mr. D'Arienzo, in his report, Mr. D'Arienzo expressed three opinions. During the trial, the judge let the parties know that when the plaintiff wanted to call Mr. D'Arienzo to testify, they were to make a proffer. They were to tell the court exactly what they wanted him to testify to, and then he wanted to know what the basis was for each opinion that he was going to testify to. There were three opinions in his report. At that point in trial, when the plaintiff was going to call Mr. D'Arienzo, they only proffered him to testify as to one of those three opinions, which was the playful execution of the three-stripe mark and whether different executions of the three-stripe mark diminish the significance or strength of the mark. That is not an issue that they've appealed. The court ultimately did not permit him to testify on that point because it was no longer an issue in the case. It was because the point was irrelevant, and that was the basis for excluding Mr. D'Arienzo. The plaintiff did not, in this appeal, the plaintiff argues that they wanted him to testify on a convergence theory, but the plaintiff at trial, at the point in trial where the judge invited and asked for a proffer as to his testimony, the plaintiff did not proffer him to testify on convergence and did not explain to the court or provide any proffer as to a methodology as to how he arrived at those conclusions. And then finally, with respect to Ms. Arbuckle, the plaintiff moved to exclude her expert testimony. The judge granted that motion, did not permit her to testify as to any opinions, did not allow her to provide any expert testimony. She testified ultimately as a fact witness, and she solely provided foundation for evidence, certain evidence of third-party use stripes, and that was the only evidence that she provided. So she was not an expert witness, and Adidas' arguments about the lack of her methodology are misplaced  And unless there are any other questions, we'll rest on our papers. Thank you. Yes, counsel seems suggested that competition is relevant, and therefore there is no harm in the instruction that was given. But competition, the word competition has lots of different meanings in different contexts. That is why the district court's one-sentence instruction on proximity was wrong. It focused on competition for the same consumers. In the context of post-sale confusion, the person who is confused is in fact not a consumer that Tom Brown is competing for. It is a consumer that Adidas is competing for, and sees a Tom Brown product and is confused by that. So it is directly... Can you specify what part of your proposed instruction is missing that was essential in your view? The Adidas proposed instruction touched on the elements of competition, the elements, I should say, of proximity that matter in initial interest and post-sale confusion. It looks to me like a lot of it covers some of the same things that Judge Rakoff's instruction actually more concisely captures. The problem is that Judge Rakoff's instruction only directs the jury to consider whether they compete for the same consumers. Right, so my question to you is which part of your proposed instruction is missing? The two things that are missing are the second sentence of our proposed instruction, which directs the jurors to consider how similar the products themselves are. That's straight out of Lois Sportswear and Your Honor's Louis Vuitton case, where the courts said in considering proximity in the post-sale environment, you consider are these the same kind of products? Lois Sportswear was jeans, Louis Vuitton was handbags, and in those cases you just want to know are they the same general type of product because somebody seeing somebody walk by wearing Tom Brown sweatpants in Central Park, might they think it's Adidas because they both sell some sweatpants. But the price points and to whom they target them and the fabric- Your argument is less what he left out from yours than what you say was in his that could mislead. And the question we have to ask in the whole of his instructions, are we really to believe that a jury got confused by what he said that you say he should not have said? Let me begin by saying you are correct that the focus of our argument is in fact that the instruction was legally wrong, not just that he should have adopted ours. So you are correct in that regard. Now to your question about harmless error, in this instance, not only did the court direct the jury- It's not error if the jury would not be confused by the thing as a whole. So I don't even get to harmless error. The question is, was it erroneous because it could really confuse the jury? I'm over time, but let me give two quick responses. The first is that this court in Nabisco expressly said that one factor can be determinative depending on the case. And in a general case where you have a general verdict, we don't know how important that was. Second is counsel for Tom Brown in closing focused almost the entire closing on this factor, repeatedly pointing out that there were different groups of people to whom they sold, repeatedly pointing out the difference in price points, repeatedly trying to distinguish the fact that these do not compete for the same consumers. But if it was opposing counsel in closing, couldn't you in your closing or after whatever say, notice we're talking about that, that has nothing to do with this case. And if it's just a matter of counsel, then your argument, you're both very good, is as good as his argument. Your Honor, of course, in closing I did try to make these points, but the jury had been instructed by the judge, don't listen to Charlie because he's telling you things that you shouldn't be doing. You should be focused on competition. You had a two-week jury trial and the jury your opponent said was out for two hours? I mean that suggests that they just didn't buy your case. They didn't think there was any confusion. These stripes, the Tom Brown stripes and the Adidas stripes didn't look the same. I mean your argument, you know, it's an interesting argument, but it's in the backdrop of day after day of evidence about what these products look like. Your Honor, in Warren, this court said that where you have an erroneous instruction, a new trial needs to happen unless the court is convinced that the error did not influence the verdict. Here, you might be right, but you can't be convinced that this error did not influence the verdict. You have essentially three errors arising from a two-week trial. I mean if we went down that route, we would be reversing jury verdicts day after day after day. And no doubt that sometimes they should be, but you had a jury trial, two weeks. Very capable counsel. You lost the case. Your Honor, respectfully, if I had come in with 13 errors, I think you would have said to me, you're just throwing stuff against the wall. What's your best argument? We have presented our best arguments. We don't do that. Thank you, counsel. We gave you a hard time, but that's our job. Thank you all very much. Well argued. We'll take the case under advisement.